UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRYAN WILLIAM FITZPATRICK,

    Petitioner,

v.

STEVIE KNIGHT,

    Respondent.

Civil Action
No. 22-5847 (CPO)

**OPINION**

**O'HEARN, District Judge.**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking additional credits under the First Step Act ("FSA"), 28 C.F.R. § 523.40 *et. seq*. (ECF No. 1, at 6.) As a result of those alleged credits, Petitioner sought an order for his "immediate transfer to the supervised release portion of [his] sentence." (*Id*. at 7.) However, Petitioner did not pay the filing fee in this matter until October 18, 2022. According to the Bureau of Prisons' inmate locator, it appears that Petitioner was released on October 28, 2022.

This Court finds that Petitioner's request for additional FSA time credits is moot due to his release from prison. In other words, because Petitioner is already serving the supervised release portion of his sentence, his request is moot as he has received the relief he requested in his Petition. *Goldblatt v. Ortiz*, No. 20-19987, 2022 WL 1639007, at *2 (D.N.J. May 24, 2022) (dismissing as moot a request for FSA time credits as the petitioner had already started his term of supervised release); *cf. Chapple v. United States*, No. 19-18213, 2020 WL 614552, at *2–3 (D.N.J. Feb. 10, 2020); *Fumea v. Sauers*, No. 13-2463, 2015 WL 7069332, at *1 (M.D. Pa. Nov. 12, 2015). Federal courts may not decide moot issues. *See* U.S. Const. art. III, § 2, cl. 1.; *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). To avoid mootness,

a controversy must exist at all stages of review, not only at the initiation of a case. *See Delie*, 257 F.3d at 313.

If circumstances "prevent a court from being able to grant" the request for relief, a court must dismiss the case as moot. *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996)). In other words, a "favorable judicial decision" must be capable of redressing an injury traceable to the respondent. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted).

In the present case, the Court can no longer grant Petitioner's request for FSA time credits, as such "credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself." *Cf. Scott v. Schuylkill FCI*, 298 F. App'x 202, 204 (3d Cir. 2008). Once a prisoner serves his entire term of imprisonment, a petition seeking an award of such credits is moot. *E.g.*, *Goldblatt*, 2022 WL 1639007, at *2; *cf. Chapple*, 2020 WL 614552, at *2–3 (citing *Fumea*, 2015 WL 7069332, at *1).

Additionally, if Petitioner now wishes to argue that the Court can *directly* reduce his term of supervised release, the Court disagrees. Generally, a prisoner may seek modification of his sentence by filing a motion to reduce sentence before his sentencing court. *See* 18 U.S.C. §§ 3583(e)(2), 3624. Petitioner's sentencing court is the Southern District of Ohio, not the District of New Jersey. (ECF No. 1, at 1.)

In any event, this Court cannot "grant him further relief under § 2241 because the supervised release statute, 18 U.S.C. § 3624, does not permit a court to credit a supervised release term with a period of excess prison time." *Goldblatt*, 2022 WL 1639007, at *2 (citing *United States v. Johnson*, 529 U.S. 53 (2000)); *Hamani v. Smalley*, No. 19-7253, 2020 WL 2732073, at *2 (D.N.J. May 26, 2020); *see also DeFoy v. McCullough*, 393 F.3d 439, 442 n.3 (3d Cir. 2005)

("[T]he length of a term of supervised release cannot be reduced by reason of excess time served in prison." (internal quotation marks omitted)).

The Supreme Court emphasized that "supervised release commences on the day the person is released from imprisonment" and that a "term of supervised release *does not run during any period in which the person is imprisoned*."[1] *Johnson*, 529 U.S. at 56–57 (emphasis added) (quoting 18 U.S.C. § 3624(e)).  As a result, excess time in prison does not automatically count toward a person's term of supervised release. *Id*.

Further, the Supreme Court reasoned that the "objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release.  Congress intended supervised release to assist individuals in their transition to community life.  Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Id*. at 59.  Consequently, Petitioner's time spent incarcerated is not interchangeable with time under supervised release. *Burkey v. Marberry*, 556 F.3d 142, 149 (3d Cir. 2009).

For the foregoing reasons, the Court will dismiss the Petition as moot.  An appropriate Order follows.


Dated:  November 23, 2022

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**

---

[1] The Supreme Court qualified, except for when "the imprisonment is for a period of less than 30 consecutive days." *Johnson*, 529 U.S. at 57.